TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
CYBILL L. DOTSON
Assistant United States Attorney
Nevada Bar Number 8428
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Cybill.Dotson@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HEYWARD JACKSON, JR.,

Plaintiff,

vs.

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; CENTERS FOR MEDICARE AND MEDICAID SERVICES,

Defendants.

Case No. 2:25-cv-02173

**Defendant's Answer to Plaintiff's Complaint**

The U.S. Department of Health and Human Services ("HHS" or "the Department") and the Centers for Medicare and Medicaid Services ("CMS") (herein, "Defendants") by and through undersigned counsel, respectfully submit the following Answer to Plaintiff's Complaint (ECF No. 1) in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**INTRODUCTION**

1. This paragraph consists of Plaintiff's characterization of this action and legal conclusions to which no response is required. To the extent a response may be deemed required, Defendants only admit that Plaintiff purports to bring this matter under the FOIA.

2. This paragraph consists of Plaintiff's characterization of a separate litigation and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. Defendants respectfully refer the Court to the cited case for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

3. This paragraph consists of Plaintiff's characterization of this action and legal conclusions to which no response is required. To the extent a response may be deemed required, Defendants only admit that Plaintiff has submitted a FOIA request and authorization forms.

## JURISDICTION AND VENUE

4. This paragraph asserts conclusions of law to which no response is required. To the extent a response may be deemed required, Defendants admit that this Court has jurisdiction over properly stated claims under the FOIA, subject to the terms and limitations of the statute.

5. This paragraph asserts conclusions of law to which no response is required. To the extent a response may be deemed required, Defendants admit that venue is proper in this District for a properly stated FOIA claim, subject to the terms and limitations of the statute.

## PARTIES

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. Defendants admit that HHS is a federal agency subject to FOIA.

8. Defendants admit that CMS is a component of HHS. The remainder of this paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response may be deemed required, Defendants presently lack knowledge or

information sufficient to form a belief about the truth of the allegations in the remainder of this paragraph.

**FACTUAL BACKGROUND**

9. Defendants admit that Plaintiff submitted a letter, FOIA request, and authorizations to CMS on October 1, 2025. Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents and deny all allegations inconsistent therewith.

10. This paragraph consists of Plaintiff's characterization of a letter, to which no response is required. Defendants respectfully refer the Court to the cited letter for a complete and accurate statement of its contents and deny all allegations inconsistent therewith.

11. This paragraph consists of Plaintiff's characterization of his FOIA request, to which no response is required. Defendants respectfully refer the Court to the cited FOIA request for a complete and accurate statement of its contents and deny all allegations inconsistent therewith.

12. Defendants admit that CMS acknowledged receipt of Plaintiff's FOIA request on November 3, 2025. The remainder of this paragraph consists of Plaintiff's characterization of the acknowledgment letter. Defendants respectfully refer the Court to the acknowledgement letter for a complete and accurate statement of its contents and deny all allegations inconsistent therewith.

13. This paragraph consists of Plaintiff's characterization of correspondence with the U.S. Attorney's Office and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. Defendants respectfully refer the Court to the referenced correspondence for a complete and accurate statement of its contents and deny all allegations inconsistent therewith.

14. Defendants admit that CMS had not issued a final determination regarding Plaintiff's FOIA request within 20 business days.

15. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response may be deemed required, Defendants only admit that CMS had not issued a final determination regarding Plaintiff's FOIA request within 20 business days.

16. This paragraph purports to characterize exhibits and an order from a separate litigation and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. Defendants respectfully refer the Court to the referenced exhibit and order for a complete and accurate statement of their contents and deny all allegations inconsistent therewith.

**LEGAL FRAMEWORK**

17. This paragraph consists of Plaintiff's characterization of a judicial decision, to which no response is required. To the extent a response may be deemed required, Defendants respectfully refer the Court to the cited decision for a complete and accurate statement of its contents and deny all allegations inconsistent therewith.

18. This paragraph consists of Plaintiff's characterization of a judicial decision, to which no response is required. To the extent a response may be deemed required, Defendants respectfully refer the Court to the cited decision for a complete and accurate statement of its contents and deny all allegations inconsistent therewith.

19. This paragraph consists of Plaintiff's characterization of a judicial decision, to which no response is required. To the extent a response may be deemed required, Defendants respectfully refer the Court to the cited decision for a complete and accurate statement of its contents and deny all allegations inconsistent therewith.

## COUNT I – VIOLATION OF FOIA (5 U.S.C. § 552)

20. Defendants repeat and restate each response heretofore made with the same force and effect as if the same were set forth fully herein.

21. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response may be deemed required, Defendants deny the allegations in this paragraph.

22. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response may be deemed required, Defendants deny the allegations in this paragraph.

## REQUEST FOR RELIEF

The allegations in paragraphs (A) through (E) constitute Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendants deny each and every allegation not specifically and expressly admitted herein.

## AFFIRMATIVE DEFENSES

Defendants allege the following additional defenses to the Complaint. In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.

1. The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

2. Plaintiff is not entitled to compel the production or release of information that is protected from disclosure by one or more statutory exemptions or exclusions. 5 U.S.C. § 552(b), (c). Disclosure of such information is not required or permitted.
3. Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.
4. The Complaint violates Federal Rule of Civil Procedure 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's Complaint and each cause of action contained therein be dismissed with prejudice;
2. That Plaintiff take nothing by his Complaint in this action;
3. That Defendant be awarded its costs incurred herein; and
4. That the Court order such other and further relief as the Court may deem just and proper.

Respectfully submitted this _8th__ day of January, 2026.

TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Cybill L. Dotson*
CYBILL L. DOTSON
Assistant United States Attorney